## (January 16, 1967)

■ CARISTO CONSTRUCTION CORPORATION, Appellant, v. DINERS FINANCIAL CORPORATION, Respondent.— Judgment of the Supreme Court, Kings County, dated June 2, 1966, reversed, on the law and facts, with costs, and action remitted to the court below for entry of judgment for plaintiff on its claim for diversion of trust funds, in the sum of $53,899.12, and in favor of defendant on plaintiff's other claims. Additional findings of fact are made in accordance with the memorandum herein. Plaintiff Caristo Construction Corporation, as subrogee of the rights of materialmen and suppliers of one of its subcontractors, Raymar Contracting Corporation, has in this action sued the latter's factor, formerly Simpson Factoring Corporation and now known as Diners Financial Corporation. The theory for recovery was that Raymar had diverted trust funds paid to it by Caristo. Plaintiff has also claimed damages herein arising out of its completing work required in Raymar's subcontract and to recover counsel fees. We agree with the learned Trial Justice that there was in fact a diversion under article 3-A of the Lien Law. We disagree, however, that defendant is exculpated from liability with respect to the diversion because, in return for Raymar's delivery to it of Caristo's checks, it issued its own checks to Raymar in like sum. These so-called exchange transactions were the result of assignments given by Raymar to the factor concerning which there were no notices of lending filed (Lien Law, § 73) and concerning which no covenant was made by the assignor (Raymar) in any of the assignments to use the factor's advances, based on the delivery of Caristo trust funds, for trust purposes (Lien Law, § 13, subd. [6]). The violations of article 3-A of the Lien Law, so highly affected by public policy considerations, the failure of the defendant factoring agent to avail itself of the statutory protections which could have constituted a defense to this action, but which simultaneously could have alerted Caristo and the materialmen and suppliers to be vigilant concerning Raymar's disbursement of trust funds, and finally the actual participation by defendant in the diversion of the trust assets render it liable in this case (see Aquilino v. United States of America, 10 N Y 2d 271; American Blower Corp. v. James Talcott, Inc., 10 N Y 2d 282). Moreover, the evidence preponderates in favor of a finding that the check exchanges were not merely identical substitutions. The factor did reduce Raymar's outstanding indebtedness when it received each Caristo check; it did advance new loan moneys; and it did charge, but not collect, interest. Plaintiff Caristo, pursuant to the obligations of its performance bond, paid the creditors of Raymar who constituted, as a class, trust beneficiaries with respect to moneys previously paid to Raymar by Caristo. Section 77 of the Lien Law gives Caristo standing in this case and the facts and law justify a recovery in its favor to the extent indicated. We agree with the learned Trial Justice that plaintiff is not entitled to recover damages for cost of completion of Raymar's work or on its claim for legal fees. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.